**JOHN BLOOD & CO., Inc., v. MADDEN et al.**

**No. 9291.**

District Court, E. D. Pennsylvania.

March 4, 1936.

Frederick H. Spotts, Frederick C. Fuges, and George Wharton Pepper, all of Philadelphia, Pa., for plaintiff.

Charles B. Fahy and A. N. Somers, both of Washington, D. C., for defendants.

KIRKPATRICK, District Judge.

The motion for preliminary injunction is denied under authority of Federal Trade Commission v. Claire Furnace Company, 274 U.S. 160, 47 S.Ct. 553, 556, 71 L.Ed. 978. The scheme of enforcement set up by the Federal Trade Commission Act (15 U.S.C.A. § 41 et seq.) under which that case arose is in its broader aspect similar to that of the National Labor Relations Act (29 U.S.C.A. § 151 et seq.). The plaintiff's position in the Claire Furnace Case was, if anything, stronger than that of the plaintiff here. The court said: "Until the Attorney General acts, the defendants cannot suffer, and, when he does act, they can promptly answer and have full opportunity to contest the legality of any prejudicial proceeding against them. That right being adequate, they were not in a position to ask relief by injunction. The bill should have been dismissed for want of equity."

The rule stated is fully applicable to the present case, except that this bill contains a prayer that the court declare the National Labor Relations Act unconstitutional as applied to the plaintiff. Whether or not the bill should be retained as a petition, declaration, complaint, or other appropriate pleading under the Declaratory Judgment Act (28 U.S.C.A. § 400) is a question which was not touched upon at the argument. If the defendant desires to press the motion to dismiss, further argument upon this point will be required.

The motion to dismiss is therefore not ruled upon at the present time.

The court expresses no opinion as to the constitutionality of the National Labor Relations Act either generally or as applied to this plaintiff.